UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| RICKEY A. BEAVER,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>WESTERN STATE HOSPITAL and DR. DEEM,<br><br>　　　　　　Defendants. | CASE NO. C10-05132BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR ASSISTANCE OF COUNSEL, GRANTING DEFENDANTS' MOTION TO DISMISS, AND DENYING PLAINTIFF'S MOTION FOR SUBPOENAS |

This matter comes before the Court on Plaintiff's ("Beaver") unopposed motion for assistance of counsel (Dkt. 5), Defendants (collectively, "WSH") motion to dismiss (Dkt. 14), and Beaver's motion for issuance of subpoenas for witnesses (Dkt. 19). The Court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file and hereby denies Beaver's motion for assistance of counsel, grants WSH's motion to dismiss, and denies Beaver's motion for subpoenas as moot, as discussed herein.

**I. PROCEDURAL HISTORY**

On March 18, 2010, Beaver moved the Court to appoint counsel to represent him in this matter. Dkt. 5. On April 14, 2010, the Court ordered Beaver to show cause why the Court should appoint counsel in this civil matter, which is reserved for exceptional

ORDER - 1

1  circumstances. Dkt. 8. On May 3, 2010, Beaver responded to the show cause order. Dkt.
2  13. On the same day, Beaver re-filed his motion for assistance of counsel. Dkt. 12. On
3  June 3, 2010, Beaver filed what appears to be a supplement to his original motion for
4  assistance of counsel. Dkt. 20. On June 4, 2010, WSH responded to this motion. Dkt. 22.

5  On May 11, 2010, WSH moved the Court to dismiss this matter on its Eleventh
6  Amendment immunity to suit or, alternatively, for failure to state a claim under Federal
7  Rule 12(b)(6). Dkt. 14. On June 2, 2010, Beaver responded in opposition to WSH's
8  motion to dismiss. Dkt. 17. On June 4, 2010, WSH replied. Dkt. 21.

9  On June 2, 2010, Beaver moved the court to order the issuance of subpoenas for
10 witnesses and made an additional motion for assistance of counsel offering alternative
11 grounds for it to be granted. Dkts. 19, 20. On June 4, 2010, WSH responded. Dkt. 20.
12 Beaver did not reply.

## II. FACTUAL BACKGROUND

14 On December 11, 2009, Beaver was involuntarily committed to WSH. Dkt. 3 at 3
15 (Complaint). While committed, Beaver was treated by Dr. Deem at WSH. *Id*. Dr. Deem
16 prescribed medication to Beaver that was different from his prior pain medications. *Id*.
17 Beaver alleges that Dr. Deem's treatment inflicted pain and suffering upon him. *Id.* He
18 argues that Dr. Deem prescribed Naproxin, which caused an allergic reaction and that this
19 medication was prescribed with reckless disregard for his safety and health. *Id*. at 4.
20 Beaver further contends that he was then taken off medication for some time and when
21 put on other medication by a different doctor at WSH he was unable to benefit, given Dr.
22 Deem's prior efforts. *Id*. at 3-5. Beaver asserts that this treatment fell below the
23 obligations of WSH to care for him while he was committed to government care. *Id*. at 5.

24 Beaver filed the instant § 1983 suit against Dr. Deem and WSH to recover
25 monetary damages. *Id*. at 7 (suing Dr. Deem, individually and professionally, for $60,000
26 and WSH for $50,000). WSH counters that Beaver was treated professionally and with

ORDER - 2

care and that he received a high level of medical attention during all relevant times. *See generally*, Declaration of Shirley Deem (Deem Decl.). Dkt. 15.

## III. DISCUSSION

### A. Assistance of Counsel in Civil Matters

"28 U.S.C. § 1915(d) confers on a district court the discretion to designate counsel to represent an indigent civil litigant." *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986) (citing *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir.1984)). In *Wilborn,* the Ninth Circuit elaborated on this rule:

> The rule that counsel may be designated under section 1915(d) only in "exceptional circumstances" derives from *Weller v. Dickson*, 314 F.2d 598, 600 (9th Cir. [1963]), *cert. denied*, 375 U.S. 845 (1963), which held that "the privilege of pleading in forma pauperis . . . in civil actions for damages should be allowed only in exceptional circumstances." *Weller* was extended, without comment, to "appointment of counsel" in *United States v. Madden*, 352 F.2d 792, 794 (9th Cir. 1965). *Madden* was then cited for the rule in *Alexander v. Ramsey*, 539 F.2d 25, 26 (9th Cir. 1976); *United States v. McQuade*, 579 F.2d 1180, 1181 (9th Cir. 1978), on appeal after remand, (9th Cir.1981), *cert. denied*, 455 U.S. 958 (1983); *Aldabe v Aldabe*, 616 F.2d 1089, 1093 (9th Cir. 1980); and *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). A finding of exceptional circumstances *requires an evaluation of both* "the likelihood of success on the merits [and] the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983), quoted in *Kuster*, 773 F.2d at 1049. Neither of these factors is dispositive and *both must be viewed together* before reaching a decision on request of counsel under section 1915(d).

*Wilborn,* 789 F.2d at 1331 (emphasis added). The burden to demonstrate a likelihood of success on the merits rests on a plaintiff. *Id*.

#### 1. Complexity

To prevail on this factor, Beaver is required to establish that this case is complex to the point that, as a *pro se* litigant, he is unable to articulate his claims given the legal issues involved. *Weygandt*, 718 F.2d at 954. However, Beaver has shown the opposite to be true. In fact, Beaver has cited case law, the Constitution, demonstrated an understanding of the need to provide supporting affidavits and other documents in developing his case before the Court. *See, e.g.,* Dkts. 3, 13, 17, 19, 20 (each document evidencing Beaver's ability to litigate this matter on his own). The rule does not require

ORDER - 3

Beaver to be able to prevail in litigation, only to articulate his claims. The Court finds no evidence that Beaver is unable to articulate his claims. *See id.*

Therefore, based on its review of Beaver's pleadings in this matter, the Court concludes that Beaver is unable to establish the need for appointed counsel based on the complexity of this case.

**2.  Likelihood of Success on The Merits**

**a.  Eleventh Amendment**

In this matter Beaver is suing a governmental hospital, WSH, and one of its employees, Dr. Deem. However, the Eleventh Amendment bars such suits for retroactive damages. U.S. Const. Amend. XI; 42 U.S.C. § 1983; *Regents of the University of California v. Doe*, 519 U.S. 425, 431 (1997) (holding that the Eleventh Amendment bars suits for monetary damages against State instrumentalities). This Eleventh Amendment bar also applies to state officials, like Dr. Deem, when they act in their official capacity. *See Pena v. Gardner*, 976 F.2d 469, 472 (9th Cir. 1992) (holding litigant's claims for monetary relief against State officials acting in their official capacities are similarly barred).

Because Beaver seeks retroactive monetary damages against WSH and Dr. Deem, who was acting in her official capacity as a doctor for WSH, the Court concludes that he is unlikely to succeed on the merits.

**b.  Qualified Immunity**

WSH also maintains that Beaver is "unlikely to prevail on the merits of his claims as he will not be able to show that defendants are not entitled to qualified immunity." Dkt. 16 at 3. Qualified immunity may be claimed when the federal law or right alleged to have been violated was not clearly established at the time the state or its agent acted. *Anderson v. Creighton*, 483 U.S. 635, 638-39 (1987). To succeed on such a claim, Beaver would also have to establish that the defendants deprived him of a right. *Arnold v. Int'l Business Machines Corp.*, 637 F. 2d 1350, 1355 (9th Cir. 1981).

ORDER - 4

It appears to the Court that Beaver's chief complaint is that Dr. Deem prescribed him medication that he felt was unacceptable, as it was not as effective as other medication he had been taking prior to being admitted to WSH. This amounts to a claim that he has a right to decide what medication he should be prescribed. The Court is unaware of such a right, which would effectively allow WSH patients to supplant their medication preferences for the treating physician's expert opinion on the treatment plan most appropriate for the patient.

Beaver has not established such a right. Even if Beaver established that such a right exists today, he has not established that such a right existed at the time of the alleged harm. Thus, WSH is entitled to claim qualified immunity, which prevents personal liability from being imposed for any harms caused. *See Anderson*, 483 U.S. 635.

Therefore, the Court concludes that Beaver is unlikely to prevail on a claimed right to choose his medication, as WSH would likely prevail in claiming qualified immunity on this issue, to the extent this is Beaver's argument.

### c. Failure to State a Claim Under Fed. R. Civ. P. 12(b)(6)

WSH argues that Beaver would be unlikely to succeed because he has not stated a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6). Beaver's complaint makes constitutional claims pursuant to his Eighth Amendment to be free from unnecessary and wanton infliction of punishment. However, Beaver improperly relies on the Eighth Amendment. *See, e.g.*, *DeShaney v. Winnebago County Dept. of Social Services*, 489 U.S. 189, 199 n.6 (collecting cases) (noting that the Eighth Amendment applies "only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . . [T]he State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with due process of law.").

This is not a case that falls under the purview of the Eighth Amendment. To be sure, the *DeShaney* Court also stated that "when the State takes a person into its custody

and holds him there against his will, the Constitution imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being." *Id.* (holding that the Eighth Amendment did not apply).

Further, in the absence of wanton disregard for safety of the patient, negligence, malpractice, or a disagreement with the course of treatment, a § 1983 claim is not available. *See Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1059-60 (9th Cir. 2004). There is no evidence here that Dr. Deem engaged in a wanton disregard for Beaver. Rather, the evidence as presented by Beaver tends to establish that he disagreed with the medication choices that were being made for him by Dr. Deem. *See, e.g.,* Complaint at 3-5.

Because Beaver's Eighth Amendment claim is not actionable in these circumstances, the Court concludes he would be unlikely to prevail in this action. *See* Fed. R. Civ. P. 12(b)(6).

**3.    Conclusion**

When viewed together, the Court concludes that this case is not complex and that Beaver is unlikely to succeed on the merits. Therefore, the Court denies Beaver's motion for assistance of counsel.[1]

**B.    WSH's Motion to Dismiss**

WSH moves the Court to dismiss this case on the basis that the Eleventh Amendment bars suit against WSH and Dr. Deem, that Eighth Amendment claims are not actionable in this matter, and that Beaver has failed to state a claim under Fed. R. Civ. P. 12(b)(6).

---

[1] Beaver also moved the Court to assign counsel based on Washington State Court General Rule 33 (accommodations for those with disabilities). *See* Dkt. 20. This rule does not apply to Beaver's request for assigned counsel. Further, Beaver's supplement to his original motion, though styled as an independent motion, was untimely as the issue had been fully briefed prior to Beaver's filing of Dkt. 20. In any event, this motion is moot given that Beaver's case is dismissed herein.

ORDER - 6

For the same reasons that Beaver is unlikely to succeed on the merits of his case, see above, the Court concludes that Beaver's case is hereby dismissed.

### IV. ORDER

Therefore, it is hereby **ORDERED** that

(1) Beaver's motion for assistance of counsel is **DENIED**;

(2) WSH's motion to dismiss is **GRANTED**; and

(3) Beaver's motion for issuance of subpoenas is **DENIED** as moot.

Dated this 21st day of June, 2010.

_____
BENJAMIN H. SETTLE
United States District Judge